UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARLENE DICKEY and
SARAH HARPER,

      Plaintiffs,

v.                                 Case No. 3:17cv944-RV-CJK

ROBERT MICHAEL ARDIS,

      Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

This matter is before the court on defendant Robert Michael Ardis' notice of removal (doc. 1), emergency motion for preliminary and permanent injunctive relief (docs. 7, 9), and motion to proceed *in forma pauperis* (docs. 2, 8). Ardis seeks to remove a case filed in Escambia County, Florida, to this court.[1] After reviewing the notice of removal, the undersigned recommends that this case be remanded to the state court from which it was removed due to lack of subject-matter jurisdiction.[2]

---

[1] *See* Case No. 2017DR004143, Escambia County Clerk of Court's website, http://74.174.28.52/BMWebLatest/Home.aspx/Search (last visited Jan. 30, 2018). The Escambia County Clerk's website does not reflect that a copy of the notice of removal was docketed in Case No. 2017DR004143. In addition, after Ardis filed the notice of removal, the court ordered him to file a copy of all process, pleadings, and orders served upon him in state court and file a notice confirming that all parties had been served with the notice of removal. (Doc. 4). To date, Ardis has not complied with the court's order.

[2] The undersigned notes Ardis has sought relief in this court and others on numerous occasions with limited success. *See Ardis v. Pensacola State Coll. Bd. of Trs.*, 3:13cv352-MCR-CJK (parties

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (*quoting* 28 U.S.C. § 1446(a)).   In the underlying state-court action, plaintiff Sarah Harper filed a petition for injunction for protection against domestic violence.   The petition was filed on October 16, 2017.   Ardis' notice of removal claims the judge presiding over the state-court action, Darlene Dickey, entered a domestic violence injunction on November 21, 2017, "that is contrary to the Rule of Law, the Rules of Evidence, and which necessarily deprives [Ardis] of his Rights guaranteed under the United States Constitution."[3]  Ardis further claims that Harper and Judge Dickey "worked in active concert together in these matters."   Ardis' notice of removal, however, does not establish the state-court petition presents a federal question.  *See Leonard v. Enter.*

---

stipulated to dismissal with prejudice); *Ardis v. Danheisser*, 3:13cv366-MCR-EMT (federal claims dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), state claims dismissed without prejudice); *Ardis v. Anderson*, 3:14cv328-MCR-CJK (complaint dismissed with prejudice as frivolous, malicious, and for failure to state a claim upon which relief can be granted); *Ardis v. Fla. Supreme Court*, 3:15cv566-MCR-EMT (complaint dismissed for failure to state a claim upon which relief may be granted); *Ardis v. Specie*, 3:17cv11-MCR-CJK (case voluntarily dismissed by Ardis before service of process); *Ardis v. U.S. Bank Nat'l Ass'n*, 3:17cv115-MCR-CJK (case plaintiff attempted to remove to federal court remanded to state court).  Ardis also has a substantial number of filings in Florida's trial and appellate courts.  In fact, Florida's First District Court of Appeal has commented that plaintiff is "the poster-child for vexatious litigants." *See Ardis v. Pensacola State Coll.*, 128 So. 3d 260, 264 (Fla. 1st DCA 2013).

[3] Ardis' notice of removal incorrectly identifies Judge Dickey as a plaintiff.

Case No. 3:17cv944-RV-CJK

*Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

"A case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) (*quoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). Ardis asserts that the "issues at controversy in the state court proceeding concern inalienable Rights guaranteed to [Ardis] under the . . . Constitution." He does not allege Harper's petition for a domestic violence injunction is based on federal law. Instead, Ardis claims this case is removable due to his belief that the issuance of the domestic violence injunction violated his rights under federal law. Such a belief, however, is not sufficient to invoke this court's federal question jurisdiction. *Cf. Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) ("The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense.").

Because Ardis has not shown Harper's petition for a domestic violence injunction presents a federal question, this court does not have subject-matter jurisdiction over the removed case and remand is required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded."); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) ("Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.") (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). Moreover, time is of the essence, because Ardis' improper act of removing this state domestic violence matter may prejudice the victim in her attempt to seek full protection from Ardis' alleged unlawful actions.

Accordingly, it is respectfully RECOMMENDED:

1.    That Ardis' motion to proceed *in forma pauperis* (docs. 2, 8) be GRANTED for the limited purpose of remanding this case to state court.

2.    That Escambia County Court Case No. 2017DR004143 be REMANDED to the state court from which it was removed.

3.    That all pending motions (docs. 7, 9) be DENIED AS MOOT.

4.    That the clerk be directed to close the file.

At Pensacola, Florida, this 31st day of January, 2018.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.    A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv944-RV-CJK